IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JAMES SCOTT DUHON                                                                                PLAINTIFF

V.                                              CASE NO. 4:12CV439 JTK

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration
DEFENDANT

## ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for social security disability (SSD) and disability insurance benefits (DIB). (Doc. #2, Complaint) The Defendant filed an answer to Plaintiff's action on October 22, 2012, asserting that Plaintiff had not shown that reversal was warranted. (Doc. # 5, Answer)

Pending now before the Court is Defendant's Unopposed Motion to Remand, pursuant to "sentence four" of section 405(g). (Doc # 11) Specifically, the Social Security Administration seeks remand of the current case to allow the Commissioner to offer Plaintiff an opportunity for a new hearing regarding the disability applications filed on December 23, 2008, and for the Commissioner to consider the subsequent allowance.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner

requests a remand before answering the complaint or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The fourth sentence of the statute provides that "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993).

Here, the court finds remand appropriate. Therefore, the Commissioner's motion is granted, and the case is reversed and remanded to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g). This dismissal is without prejudice to Plaintiff's subsequent filing for attorney's fees under the Equal Access to Justice Act.

IT IS SO ORDERED this 12th day of February 2013.

_____
UNITED STATES MAGISTRATE JUDGE