**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

JAMES SCOTT DUHON,       )
    Plaintiff,           )
                       )   **Case No. 4:12-CV-00439 JTK**
v.                      )
                       )
CAROLYN W. COLVIN,      )
Acting Commissioner, Social Security  )
Administration            )
    Defendant.          )

## ORDER AWARDING ATTORNEY'S FEES

On February 12, 2013, the Court entered an Order granting Defendant's motion to remand the decision of the Commissioner and for further proceedings. (Doc. No. 13). Plaintiff has filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. He seeks compensation for 40.9 hours of work performed at a rate of $183.11 per hour and for expenses in the amount of $26.70. This totals to $7,515.90. The Commissioner does not oppose the motion.

The Court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan*, 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award."). "The district court should . . . exclude from [the] fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (internal quotations and citation omitted). "If the preparation time is 'excessive,' the number of compensable hours may be reduced." *McMullen v. Apfel*, 57 F. Supp. 2d 773, 774 (S.D. Iowa 1999).

A review of counsel's itemization indicates the request should be reduced.  For instance, counsel repeatedly lists multiple same-day entries at .1 hours for activities that could not have taken that long when added together.  Separating them in this manner inflates the time that is billed.  Many of these small entries also appear to be "clerical in nature and cannot be compensated under the EAJA." *Mallard v. Astrue*, 10-2173, 2012 WL 3560792, *2 (W.D. Ark. Aug. 17, 2012); *see also Granville House, Inc. v. Dep't of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA).

It is an excessive expenditure of time to spend 1.2 hours preparing the complaint and another .6 hours reviewing the letters with summons.   "This is an entirely mechanical procedure. It is doubtful that having all three letters prepared and signed would take .25 hours of attorney time.  Certainly it should not have taken three quarters of an hour." *Bowman v. Sec'y of H.H.S.*, 744 F. Supp. 898, 899 (E.D. Ark. 1989).  This work has also been rejected as clerical work by other courts. *See Mallard*, 2012 WL 3560792. Further, it is unwarranted to bill the 3.8 hours that were expended deciding whether to take the case and speaking with the client, which all occurred before the complaint ever began being drafted.

Counsel's use of 1.6 hours to prepare and file the fee request is also excessive.  The motion for fees and its accompanying documents should reasonably take little effort or time to prepare because identical filings are routinely prepared in the course of counsel's practice.  Very few changes needed to be made, and the only truly unique portion was the two-page itemization of the time that was expended.

Finally, the 30.2 hours spent in the brief's creation is extremely high. The Court recognizes the high quality of its content, but this amount of time was excessive given the issues presented and counsel's experience.

IT IS THEREFORE ORDERED that Plaintiff is awarded attorney's fees in the amount of $4,800.00, together with expenses in the amount of $26.70, for a total of $4,826.70, pursuant to the EAJA.  The Commissioner is directed to certify said award and pay Plaintiff (in care of his attorney) in this amount.

SO ORDERED this 9th day of May, 2013.

_____
United States Magistrate Judge